UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CARNEY,

    Plaintiff,

v.

DAN JOHNSON et al.,

    Defendants.
_____/

Case No. 1:09-cv-598

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Smith, Jordan, Stephenson, Shaker and the unknown Officer, as well as his due process claim against Defendant Greeenfield. The Court will order service of Plaintiff's claims against Defendants Johnson, Calvin, Kerkala, CMS and Lisa Sweet-Brown and the Eighth Amendment claim against Defendant Greenfield.

**Factual Allegations**

Plaintiff is incarcerated in the Marquette Branch Prison (MBP), but the events giving rise to his complaint also occurred while he was incarcerated in the Ionia Maximum Correctional Facility (ICF). In his *pro se* complaint, Plaintiff sues MBP Nurse Dan Johnson, ICF Resident Unit Manager (RUM) (unknown) Greenfield, ICF Warden Willie Smith, ICF Nurse Supervisor Marie Jordan, Region I Clinical Administrative Assistant Jennie Stephenson, MBP Nurse Supervisor Sandra Shaker, MBP Nurse Kimberly Calvin, MBP Resident Unit Officer (RUO) (unknown) Kerkala and an unknown ICF Officer. Plaintiff also sues Correctional Medical Services, Inc. (CMS) and CMS Regional Manager Lisa Sweet-Brown.

Plaintiff alleges that on March 10, 2008, while he was incarcerated at ICF, Defendant Smith gave orders to Defendants Greenfield and the unknown Officer to pack up Plaintiff's cell for a transfer. Plaintiff asserts that Greenfield and the unknown Officer failed to pack several personal items and unopened food items without providing him with reimbursement. When Plaintiff was placed back in his cell after his belongings were packed, he informed Defendant Greenfield that several items had been left out and that he needed his medication, which had been packed. Greenfield allegedly responded that Plaintiff would be okay and walked away. Once in transit, Plaintiff claims that he began to suffer chest pains. Plaintiff took nitroglycerin pills and sought help from the transportation staff. Upon his arrival at MBP, Plaintiff was immediately seen by health care staff who sent him via ambulance to the Marquette General Hospital. Plaintiff was admitted to the hospital due to his dangerously low potassium level. Plaintiff claims that his pain and subsequent hospitalization occurred because he could not take his medication.

On March 13, 2008, Plaintiff saw Defendant Johnson for his ongoing chest pains. Johnson could not find anything wrong but referred Plaintiff to the doctor. Plaintiff claims that he

had several disputes with medical staff regarding his health between March 14 and September 5, 2008. On September 5, Plaintiff claims that Johnson intentionally gave his medication to another prisoner so he could order a search of Plaintiff's cell for the purpose of harassing Plaintiff.

Plaintiff further claims that the doctor instructed Johnson to take Plaintiff's blood pressure every day, but Johnson told Plaintiff that he was not going to call Plaintiff out everyday to check his blood pressure and cancelled some of Plaintiff's call-outs for no apparent reason.

Plaintiff also alleges that on September 17, 2008, Johnson dismissed Plaintiff's theory that someone had poisoned his food. Plaintiff's theory was based upon the fact that he vomited after eating. Plaintiff claims that he had a special food tray, and, thus was easy to target if someone wanted to poison him. According to Plaintiff, Johnson told him that he had the flu and refused to conduct any further investigation or medical examination.

On November 5, 2008, Plaintiff claims that Defendant Johnson brought Plaintiff's medication to his cell and told Plaintiff that from then on Plaintiff had to bring a cup of water to his bars to get his medication, ostensibly so Johnson could watch him take the pills. When Plaintiff asked Johnson why he was changing the manner in which Plaintiff received his medication, Johnson allegedly called him an "asshole." Plaintiff told Johnson that he was doing that because a black man was president. Johnson then allegedly responded, "Fuck you, I don't care nothing about that shit." Plaintiff then told Johnson not to talk to him like that or he would file another grievance against him. As a result of the incident, Plaintiff received a misconduct charge for threatening behavior and was moved to administrative segregation. Plaintiff states that he does not challenge the misconduct conviction, but contends that Johnson brought the charge in retaliation for filing grievances against Johnson. Plaintiff claims that Defendants Jordan, Stephenson and Shaker denied his grievances and

failed to take corrective action against Johnson. Plaintiff remained in administrative segregation until January 26, 2009.

Plaintiff alleges that he began to suffer chest pains on February 12, 2009. Plaintiff reported his pain to Defendant Calvin when she was making her rounds. Calvin responded, "Get your cup!" When Plaintiff repeated that he was having chest pains, Calvin told him that she didn't care and walked away. About ten minutes later, Defendant Kerkala came to Plaintiff's cell. Plaintiff told him that he had taken three nitroglycerine pills and needed to see the nurse. Kerkala told Plaintiff that Calvin had reported that Plaintiff was being uncooperative and left without getting Plaintiff medical help. Plaintiff took another nitroglycerine pill and waited another hour for RUO Hill to make his rounds. Hill contacted the nurse, who contacted the on-call doctor. The doctor instructed the nurse to send Plaintiff to Marquette General Hospital.

Finally, Plaintiff claims that Defendants CMS and Sweet-Brown have a custom or practice of denying him out-patient treatment with a cardiologist to determine the exact cause of his chest pains.

For relief, Plaintiff seeks compensatory and punitive damages.

## Discussion

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Defendants Greenfield, Smith and Officer John Doe**

Plaintiff claims that when he was preparing to transfer out of ICF, Defendant Greenfield and an unknown Officer failed to pack several personal items and unopened food items without providing him with reimbursement. Plaintiff's allegations suggest that he was deprived of property without due process in violation of the Fourteenth Amendment. However, Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state

fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff fails to state a due process claim.

Plaintiff also claims that he informed Defendant Greenfield that he needed his medication, which had been packed. Greenfield allegedly responded that Plaintiff would be okay and walked away. Plaintiff alleges that as a result of not having his medication, he was admitted to the Marquette General Hospital the following day with a dangerously low potassium level. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867

(6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations that Greenfield refused to retrieve his medication which resulted in his hospitalization are sufficient to state an Eighth Amendment claim against Defendant Greenfield. However, Plaintiff fails to state a claim against Defendants Smith and the unknown Officer. While Plaintiff alleges that the unknown Officer helped to pack his belongings, he does not allege that he informed that Officer that he needed the medication that had been packed. Consequently, Plaintiff cannot show that the Officer was deliberately indifferent to his medical needs.

With regard to Defendant Smith, Plaintiff alleges only that he ordered the officers to pack up Plaintiff's cell because he was being transferred to another facility. Plaintiff does not allege that Smith was aware that Plaintiff's medication had been packed or that Greenfield refused to retrieve it. Thus, Plaintiff cannot satisfy the subjective component for an Eighth Amendment claim. Moreover, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310

F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Smith engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state an Eighth amendment claim against the unknown Officer or Defendant Smith.

      B.      **Defendants Jordan, Stephenson and Shaker**

Plaintiff claims that Defendants Jordan, Stephenson and Shaker denied his grievances and failed to take corrective action against Johnson. As previously discussed, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell*, 436 U.S. at 691; *Everson*, 556 F.3d at 495. Plaintiff has failed to allege that Defendants Jordan, Stephenson and Shaker engaged in any active unconstitutional behavior. *See Ashcroft*, 129 S. Ct. at 1948. Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, he fails to state a claim against Defendants Jordan, Stephenson and Shaker.

      C.      **Defendants Johnson, Calvin, Kerkala, CMS and Sweet-Brown**

Plaintiff's factual allegations against Defendants Johnson, Calvin, Kerkala, CMS and Sweet-Brown are sufficient to state a claim. Accordingly, the Court will order service of the complaint against them.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Smith, Jordan, Stephenson, Shaker, the unknown Officer and Plaintiff's due process claim against Defendant Greeenfield will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve Plaintiff's claims against Defendants Johnson, Calvin, Kerkala, CMS, Lisa Sweet-Brown and his Eighth Amendment claim against Defendant Greenfield.

An Order consistent with this Opinion will be entered.


Dated: August 28, 2009         /s/ Gordon J. Quist
                               GORDON J. QUIST
                               UNITED STATES DISTRICT JUDGE