UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CARNEY,

        Plaintiff,                                         Hon. Gordon J. Quist

v.                                                             Case No. 1:09 CV 598

DAN JOHNSON, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part**.

Plaintiff initiated this action on June 29, 2009, against numerous defendants. After conducting an initial review of Plaintiff's complaint under 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e, the Honorable Gordon J. Quist concluded that Plaintiff's complaint included claims that were not subject to dismissal. (Dkt. #6). Accordingly, the court directed the Clerk to arrange for service of the summons and complaint as to several defendants, including Lisa Sweet-Brown.

The Federal Rules of Civil Procedure provide that where the plaintiff is allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915, the court must order that service be made by "a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3); *see also*, *Salaam v. Merlin*, 2009 WL 2230925 at * 2 (D. N.J. July 22, 2009)(citing FED. R. CIV. P. 4(c)(3) and 28 U.S.C. § 1915(c)); *Morpurgo v. Incorporated Village of Sag Harbor*, - - - F. Supp.

2d - - -, 2010 WL 889778 at * 7 (E.D.N.Y. Mar. 5, 2010) ("[g]enerally, a *pro se* litigant proceeding *in forma pauperis* is entitled to rely upon the U. S. [m]arshals to effect service").

On September 25, 2009, a deputy marshal sent a copy of the summons and complaint to Defendant Sweet-Brown by certified mail, return receipt requested. However, delivery was not restricted to Defendant Sweet-Brown. The return receipt is dated September 29, 2009, and a stamp for "The Corporation Company" appears in the signature block. Defendant Sweet-Brown now moves to dismiss Plaintiff's claims on the ground that service of process in this matter was deficient. While the Court agrees that service was deficient, it is not persuaded that dismissal is the appropriate remedy.

On the subject of proper service of process, the Federal Rules of Civil Procedure provide, in relevant part, as follows:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed[1] - may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[1] The Court is aware of no federal law that "provides otherwise" in this instance. Moreover, there is no indication that Defendant Sweet-Brown is a minor or incompetent or has filed a waiver of service.

Fed. R. Civ. P. 4(e).

The attempt to effect service in this matter did not comply with any of the provisions of Rule 4(e)(2). To determine whether the attempt to effect service complied with Rule 4(e)(1), the Court must examine Michigan law, which provides that service can be effected upon an individual by (1) delivering a copy of the summons and complaint to the defendant personally; or (2) sending a summons and copy of the complaint "by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Mich. Court Rule 2.105(A). Rule 2.105(A)(2) further provides that "[s]ervice is made when the defendant acknowledges receipt of the mail" and, furthermore, that "[a] copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)." A copy of the summons and complaint was not personally delivered to Defendant and the attempted mailing was not "delivery restricted." Thus, as Defendant correctly asserts, the service of process in this matter was defective.

The Court has broad discretion in determining whether to dismiss an action or quash the defective service. *See Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1983); *see also*, Wright & Miller Federal Practice and Procedure: Civil 3d § 1354 ("[t]he federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant"). Ordinarily, a plaintiff is responsible for ensuring that service of process is completed properly, but as noted above, where a plaintiff proceeds *in forma pauperis* he is dependent upon the government for effecting service. Generally, where the deficiency of service is attributable to a United States deputy marshal and not to an incarcerated plaintiff, the court should not dismiss the complaint for failure to properly effect service. *See, e.g., Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996); *Welch v. Folsom*, 925 F.2d 666, 670 (3d Cir. 1991); *Puett v. Blandford*, 912 F.2d 270, 275 (9th

Cir. 1990); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986); *Caterbone v. Lancaster County Prison*, 293 Fed. Appx. 867, 871 (3rd Cir., Sept. 30, 2008).

Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted in part and denied in part. Specifically, the undersigned recommends that Defendant's motion be granted to the extent that the deficient service of process be quashed, but that Defendant's request to dismiss Plaintiff's claims against her be denied. The undersigned also recommends that Plaintiff be given until August 16, 2010, to properly effect service on Defendant Sweet-Brown. The undersigned further recommends that the Clerk arrange for service of a summons and a copy of Plaintiff's amended complaint against Defendant Sweet-Brown in a manner consistent with the authority identified above (e.g., by certified mail, delivery restricted to Defendant Sweet-Brown).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (dkt. #12), be **granted in part and denied in part** as detailed herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 14, 2010  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge