UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CARNEY,

       Plaintiff,

Case No. 1:09-CV-598

v.

Hon. Gordon J. Quist

DAN JOHNSON, et al.,

       Defendants.
       _____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections and Defendant Johnson's Objection to the magistrate judge's Report and Recommendation filed July 21, 2010. In her Report and Recommendation, Magistrate Judge Carmody recommended that Defendant Johnson, Calvin, Kerkela, and Greenfield's motion for summary judgment be granted in part and denied in part. The magistrate judge recommended that the Court: (1) deny summary judgment to Defendants Kerkela and Calvin on their claim that Plaintiff failed to exhaust administrative remedies with regard to his claims against them; (2) deny summary judgment to Defendant Johnson on his argument that Plaintiff failed to exhaust his medical call-outs claim but grant summary judgment to Defendant Johnson on the failure to monitor blood pressure and inappropriate language claims based upon failure to exhaust; (3) grant summary judgment on the retaliation claim against Defendant Johnson; (4) grant summary judgment on the cell shakedown claim against Defendant Johnson; and (5) deny summary judgment to Defendant Greenfield on Plaintiff's Eighth Amendment claim.

Having conducted a *de novo* review of the Report and Recommendation, Plaintiff's and Defendant Johnson's Objections, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted in part and rejected in part.

*Exhaustion*

The magistrate judge concluded that summary judgment on exhaustion grounds should be denied to Defendant Johnson on Plaintiff's medical call-outs claim because grievance MBP-0807-1223-12d1, which Defendant Johnson cited, was filed several months before the incident in question could have occurred and the cited grievance has nothing to do with Plaintiff's claim that Defendant Johnson cancelled a few of Plaintiff's medical call-outs. Regarding Plaintiff's failure to monitor blood pressure and inappropriate language claims, the magistrate judge concluded that Defendant Johnson demonstrated that Plaintiff failed to file any grievances concerning these claims. The magistrate judge further concluded that Plaintiff failed to rebut Defendant Johnson's evidence because the grievances Plaintiff cited, MBP-08-2077-27a and MBP-08-12-2127-27a, did not mention that Defendant Johnson failed to monitor Plaintiff's blood pressure or used inappropriate language.

In his Objection, Defendant Johnson asserts that he is entitled to summary judgment on the medical call-outs claim because the grievance inquiry screen for Plaintiff listed all the Step III grievances Plaintiff filed, and none of them raised the issue that Plaintiff's medical call-outs were being cancelled. In his Objections, Plaintiff asserts that he properly raised his failure to monitor blood pressure and inappropriate language claims in grievances MBP-08-07-1598-12e4, MBP-08-11-2077-27a, and MBP-08-12-2127-27a. Based upon its review of grievances MBP-08-11-2077-27a and MBP-08-12-2127-27a, the Court agrees with the magistrate judge that neither grievance concerned Plaintiff's claims of failure to monitor his blood pressure and use of inappropriate

2

language. The Court could not find grievance MBP-08-07-1598-12e4 in the record. However, it appears that Plaintiff was actually referring to grievance MBP-08-09-1598-12e4, in which Plaintiff stated: "The doctor ordered my blood pressure taken daily . . . he [Johnson] told me he wasn't going to be calling me out everyday to take my blood pressure." That grievance further states that Defendant Johnson "even went as far as to cancell [sic] a few of my callouts for no apparent reason as well." Thus, Plaintiff exhausted his medical call-outs claim and his failure to monitor blood pressure claim in grievance MBP-08-09-1598-12e4. Because this grievance does not mention use of inappropriate language, that claim is subject to dismissal for failure to exhaust.

### *Retaliation*

The magistrate judge concluded that Defendant Johnson is entitled to summary judgment on Plaintiff's retaliation claim because Plaintiff cannot establish the requisite causal link between the protected conduct and the alleged adverse action. The magistrate judge reasoned that because Plaintiff was found guilty of the threatening behavior alleged in the misconduct, which Plaintiff alleged was the retaliatory act by Johnson, Plaintiff cannot show the requisite causal connection. The magistrate judge observed that the Sixth Circuit has held that where a prisoner alleges that a prison official falsely charged him with a misconduct violation for retaliatory purposes, the prisoner's claim cannot succeed if the prisoner was found guilty. Although Plaintiff does not allege that Defendant Johnson falsely charged Plaintiff with threatening behavior, the magistrate judge concluded that such fact is immaterial because Plaintiff admitted in his complaint that he does not challenge the misconduct findings. In his Objections, Plaintiff states that he was required to allege that he does not challenge the misconduct findings because otherwise, his claim would be barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). Plaintiff further states that he did, in fact, allege that Defendant Johnson falsely charged Plaintiff with threatening behavior. Regardless,

3

the Court agrees with the magistrate judge that whether Plaintiff alleges that Johnson charged him with false misconduct or whether Plaintiff does not challenge the misconduct findings at all (thus conceding that they are proper) is irrelevant because either way, Plaintiff was convicted of the misconduct charge, which compels a conclusion that Plaintiff cannot establish the requisite causal link. Thus, the retaliation claim will be dismissed.

### *Cell Shakedown/Harassment Claim*

The magistrate judge concluded that Plaintiff's cell shakedown claim, which the magistrate judge construed as an Eighth Amendment claim based upon Defendant Johnson's campaign of harassment, failed to state a claim because Plaintiff's allegations that Defendant Johnson subjected Plaintiff to verbal harassment and a single search of his cell are less severe than the circumstances in *Johnson v. Dellatifa*, 357 F.3d 539 (6th Cir. 2004), in which the Sixth Circuit held that the plaintiff's allegations of harassment did not amount to an Eighth Amendment violation. The magistrate judge did conclude, however, that Plaintiff's claim that Defendant Johnson cancelled his medical call-outs is sufficient to state an Eighth Amendment claim for denial of medical treatment. Plaintiff states in his Objections that if the Court concludes that his retaliation claim should be allowed to go forward, then his harassment claim based upon verbal harassment should not be dismissed, as it relates to the alleged false misconduct charge that formed the basis of the retaliation claim. Because the Court has concluded that the retaliation claim should be dismissed, the Court finds no reason to reject the magistrate judge's recommendation for summary judgment on the harassment claim.

### *Poisoning Claim*

The magistrate judge concluded that Plaintiff's claim against Johnson for failure to treat Plaintiff for poisoning failed to establish an Eighth Amendment claim. The magistrate judge

4

observed that in response to Plaintiff's claim that he had been poisoned, Defendant Johnson examined Plaintiff and concluded that he had not been poisoned. Defendant Johnson instead provided Plaintiff with an alternative plan of care. Although Plaintiff asserts in his Objections that Defendant Johnson disregarded a substantial risk by refusing Plaintiff's kite to be seen for poisoning, the Court concurs with the magistrate judge that Plaintiff's claim is based solely on a disagreement with the treatment that was provided rather than a complete denial of medical care. Thus, this claim will also be dismissed.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed July 21, 2010, is **ADOPTED IN PART AND REJECTED IN PART** as the Opinion of the Court. The Report and Recommendation is adopted in all respects except for the recommendation that Plaintiff's failure to monitor blood pressure claim be dismissed for lack of exhaustion.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 24) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** as follows: (1) Plaintiff's inappropriate language claim is **dismissed without prejudice** for lack of exhaustion; (2) Plaintiff's retaliation claim against Defendant Johnson is **dismissed with prejudice**; (3) Plaintiff's harassment claim, with the exception of allegations that Defendant Johnson cancelled Plaintiff's medical call-outs, is **dismissed with prejudice**; and (4) Plaintiff's failure to treat alleged poisoning claim against Defendant Johnson is **dismissed with prejudice**. The motion is **denied** with respect to: (1) the claims against Defendants Calvin, Kerkela, and Greenfield; and (2) the medical call-outs claim and the failure to monitor blood pressure claim against Defendant Johnson.

Dated: September 23, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE