UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CARNEY,

       Plaintiff,

v.

DAN JOHNSON, et al.,

       Defendants.
_____/

Case No. 1:09-CV-598

Hon. Gordon J. Quist

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

Plaintiff has filed Objections to the magistrate judge's January 18, 2011, Report and Recommendation. In her Report and Recommendation, Magistrate Judge Carmody recommended that Defendants Kerkela and Calvin's second motion for summary judgment be granted. The magistrate judge recommended granting the motion on two grounds. First, she concluded that Defendants Kerkela and Calvin are entitled to summary judgment because Plaintiff failed to submit admissible evidence refuting Defendants' affidavits, in which they stated that Plaintiff did not say anything about chest pain, looked normal, and did not request medical attention on February 12, 2009. Noting that Plaintiff sought to rely on five affidavits attached to his complaint, the magistrate judge found that three of them could not be considered because they were not properly notarized and lacked the verification required by 28 U.S.C. § 1746. The magistrate judge further concluded that the two properly executed affidavits failed to contradict Defendants' statements in their affidavits. The magistrate judge observed that while Plaintiff included a verification in his complaint, the verification applied only to the allegations preceding the verification in the four-page form complaint and not to the allegations in the attachment.

Alternatively, the magistrate judge concluded that Plaintiff failed to properly exhaust his claims because his Step III grievance was not timely filed.

Having conducted a *de novo* review of the Report and Recommendation, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted.

Regarding the magistrate judge's conclusion that Plaintiff failed to present admissible evidence to rebut Defendants' affidavits, Plaintiff contends that the magistrate judge unreasonably determined that Plaintiff's § 1746 verification, which referred to "the foregoing," included only those allegations preceding the verification and not the allegations in his attachment. The Court agrees with Plaintiff that this conclusion was erroneous. The form complaint instructs prisoners to attach a separate sheet if additional space is needed to describe the basis of the claim. Given that any such additional allegations would naturally be considered a part of the Statement of Claim in Section IV of the form complaint, the magistrate judge erred by not construing the verification to cover the allegations in the attachment. Moreover, Plaintiff indicated his intent that the verification was to encompass his allegations in the attachment by using continuous numbering for the paragraphs in the attachment, which left off with # 165, while the next section in the form complaint picked up at #166.

Although the Court concludes that the magistrate judge erred in construing the scope of the verification, it nonetheless concurs with her conclusion that Plaintiff failed to exhaust his administrative remedies. Plaintiff does not dispute that his Step III grievance was untimely, as the magistrate judge concluded. Rather, he contends that by failing to assert the untimeliness argument in their first motion for summary judgment, Defendants waived the issue. The Court disagrees.

In response to Plaintiff's amended complaint, Defendants Kerkela, Calvin, and others, filed

a motion for summary judgment raising failure to exhaust as a defense. With regard to Defendants Kerkela and Calvin, the motion argued that Plaintiff failed to properly exhaust because he did not file a grievance naming them. In response, Plaintiff submitted a copy of a grievance against "Kim Unknown, R/N" and "Unknown Mekehla, RUO." The magistrate judge concluded, and this Court agreed, that Plaintiff's grievance, even though misidentifying these Defendants, was sufficient to put them and prison officials on notice of the persons Plaintiff intended to name. Following the denial of that motion, Defendants Kerkela and Calvin filed the instant motion for summary judgment, again raising failure to exhaust, specifically with regard to Plaintiff's untimely Step III grievance. In addition, on November 5, 2010, after filing the instant motion, Defendants filed an answer to Plaintiff's amended complaint, in which they raised failure to exhaust as an affirmative defense. Defendants therefore properly raised and preserved their exhaustion defense. Furthermore, Plaintiff's reliance on Rule 12(g) of the Federal Rules of Civil Procedure is misplaced, because Defendants filed their motions as summary judgment motions under Rule 56. Summary judgment motions may be made "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(c)(1)(A), and "there is no counterpart in Fed. R. Civ. P. 56 to subsection (g) of Rule 12, which prevents multiple motions under Rule 12(b)." *In re Crowley, Milner & Co.*, 299 B.R. 830, 839 (Bankr. E.D. Mich. 2003). Moreover, Plaintiff failed to raise his waiver argument before the magistrate judge. By waiting to raise this issue for the first time in his Objections, Plaintiff has waived it. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (stating that while 28 U.S.C. § 631, *et seq.* "permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

      Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed January 18, 2011, is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Kerkela And Calvin's Second Motion for Summary Judgment (docket no. 49) is **GRANTED**, and those Defendants are **dismissed** from the case.


Dated: March 18, 2011                                                      /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE