UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CARNEY,

        Plaintiff,                             Case No.  1:09-CV-598

v.                                         Hon. Gordon J. Quist

DAN JOHNSON, et al.,

        Defendants.

_____/

**ORDER ADOPTING**
**REPORTS AND RECOMMENDATIONS**

     Magistrate Judge Carmody has issued two Reports and Recommendations ("R & R"). Plaintiff has filed Objections to both.  In the first R & R, issued on November 18, 2011, the magistrate judge recommended that the Court grant Defendants Johnson's and Greenfield's motion for summary judgment.  With regard to Plaintiff's claim against Defendant Johnson based on his failure to monitor Plaintiff's blood pressure on a daily basis, the magistrate judge found that Plaintiff failed to submit evidence that a medical provider instructed Defendant Johnson to monitor Plaintiff's blood pressure on a daily basis.  (11/18/11 R & R at 8.)  The magistrate judge further observed that Plaintiff failed to show that he had a medical condition requiring daily monitoring of his blood pressure, that Defendant Johnson was aware of such a requirement, or that the lack of daily monitoring had an effect on his health.  (*Id.* at 9.)  As for Plaintiff's claim that Defendant Johnson cancelled "a few" of Plaintiff's medical-call outs, the magistrate judge noted that Defendant Johnson's evidence shows that he cancelled only one call-out, on August 26, 2008, and Plaintiff has not demonstrated that Johnson knew or should have known that Plaintiff required immediate treatment or that missing this one appointment impacted Plaintiff's health.  (*Id.* at 10.)  With regard

to the claim against Defendant Greenfield, the magistrate judge observed that Plaintiff failed to show both that medical staff gave approval for Plaintiff to carry the medication in question and that at the time Plaintiff asked Defendant Greenfield for the medicine, he was experiencing a medical condition that required him to have personal access to the medicine.  (*Id.* at 11.)

In the second R & R, issued on November 29, 2011, the magistrate judge recommended that the Court grant Defendant Correctional Medical Services, Inc.'s ("CMS") motion for summary judgment based both upon Plaintiff's failure to exhaust and Plaintiff's failure to present any evidence establishing that CMS had a policy, practice, or custom of denying inmates medical treatment.  (11/29/11 R & R at 9-11.)  Finally, the magistrate judge recommended that Plaintiff's claims against Defendant Sweet-Brown be dismissed without prejudice for failure to timely effect service.  (*Id.* at 13.)

The Court has conducted a *de novo* review of the Reports and Recommendations, Plaintiff's Objections, and the pertinent portions of the record, and concludes that the Reports and Recommendations should be adopted.

### *November 18, 2011, R & R*

Initially, the Court notes that Plaintiff is correct that this Court has previously concluded that all of Plaintiff's allegations in his complaint should be considered verified.  (Docket no. 95 at 2.) It appears that the magistrate judge overlooked or was unaware of this portion of the Court's March 18, 2011, Order, as she continued to treat only the first four pages of Plaintiff's complaint as being verified.  Nonetheless, for the reasons stated below, the magistrate judge's failure to consider all of Plaintiff's allegations as being verified does not require rejection of the R & R.

With regard to the failure to monitor blood pressure claim against Defendant Johnson, Plaintiff contends that his verified complaint establishes that the prison doctor ordered that

2

Plaintiff's blood pressure was to be taken every day.  Even assuming that fact, Plaintiff still has not shown that Defendant Johnson was aware that Plaintiff was experiencing a serious medical condition that required his blood pressure to be taken every day.  Contrary to Plaintiff's assertion, Plaintiff's treatment records do not, themselves, show that his blood pressure was to be taken every day.  Moreover, Plaintiff has not shown that the level of blood pressure monitoring he received–thirteen times between July 30, 2008, and September 11, 2008–had an adverse effect on his health.  In other words, no detrimental effects resulted from a lack of daily monitoring.

With regard to the medical call-out claims, Plaintiff states that the magistrate judge failed to consider his evidence that Defendant Johnson cancelled a medical call-out for Plaintiff even after the lawsuit was filed.  (Docket no. 114-1 (Plaintiff's exhibit 24).)  Plaintiff contends that Defendant Johnson submitted a false affidavit because Johnson stated that he cancelled a call-out for Plaintiff on only one occasion, while Plaintiff's evidence shows that this occurred on at least one other occasion.  But Defendant Johnson did not state in his affidavit that the August 26, 2008, cancellation was the only time he cancelled a call-out for Plaintiff.  Rather, it appears that the affidavit focused on August 2008, since that is the period of time mentioned in the complaint.  Regardless, Plaintiff still has not shown that cancellation and rescheduling of the August 26, 2008, call-out or the cancellation of the May 10, 2010, call-out adversely affected his health.

With regard to the claim against Defendant Greenfield, it appears, as Plaintiff argues, that the medications Defendant Greenfield packed were not restricted medications under MDOC Policy Directive 04.04.135-B and Plaintiff could have carried them on his person while being transported.[1]

---

[1] The fact that Defendant Greenfield might have acted contrary to MDOC policy does not necessarily result in a violation of Plaintiff's Eighth Amendment rights.  *See Disney v. Stapleton*, No. 1:11-CV-1011, 2011 WL 6057543, at *6 (W.D. Mich. Dec. 6, 2011) ("Defendants' alleged failures to comply with state law, administrative rule or policy do not themselves rise to the level of a constitutional violation.").

3

(Docket no. 119 at 3, Page ID #932.)[2]  Plaintiff has also presented evidence that he advised Defendant Greenfield that he needed his medication.  As the magistrate judge observed, however, Plaintiff could have obtained his medication from the transportation officers, but there is no evidence that he ever asked the transportation officers for the medication in question.  Moreover, Defendant Greenfield was not involved in transporting Plaintiff.  In his complaint, Plaintiff merely states that "[w]hen Pl's pain continued after taking his nitro pills Pl asked Prisoner Dean to get him help from transportation staff."  (Compl. ¶ 15.)  There is no indication that Plaintiff instructed Prisoner Dean to ask the transportation staff for his medication.  Moreover, Plaintiff's own allegations show that Plaintiff had ample opportunity to request his medication while being transported.

### November 29, 2011 R & R

In response to CMS's motion for summary judgment, Plaintiff conceded that he did not file a grievance regarding his allegations against CMS.  The magistrate judge rejected Plaintiff's argument that he was not required to file a grievance because MDOC Policy states that a grievance will be rejected if it raises issues that the MDOC is not authorized to resolve.  The magistrate judge concluded, correctly, that Plaintiff was not excused from filing a grievance regarding his claims against CMS, because medical care is an issue that prison officials may address.  Plaintiff states in his objection that the magistrate judge improperly imposed a heightened pleading standard, contrary to *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160 (1993).  But *Leatherman* has no application here because the instant case is at the summary judgment stage, not the pleading stage.  Furthermore, the Court concurs with the

---

[2] In his affidavit, Defendant Greenfield cited Policy Directive 04.04.135 but did not attach a copy to his affidavit because the particular policy is exempt.  Plaintiff purported to quote part of this exempt policy in his supplemental response to Defendants' motion for summary judgment (docket no. 119).

magistrate judge's conclusion that Plaintiff has failed to present sufficient evidence to establish a custom or practice claim against CMS.  In any event, because CMS cannot be held vicariously liable for the actions of its agents, *see Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 4654 (6th Cir. 2001), dismissal of CMS is proper in any event in light of the dismissal without prejudice of Defendant Sweet-Brown.

Finally, the Court agrees with the magistrate judge's recommendation that Plaintiff's claims against Defendant Sweet-Brown should be dismissed without prejudice for failure to effect timely service.  Although Plaintiff contends that there is nothing more he can do to serve Defendant Sweet-Brown, he has not requested an extension of time, nor has he requested the Court's assistance in effecting service.

Therefore,

**IT IS HEREBY ORDERED** that the Reports and Recommendations of  the Magistrate Judge filed November 18, 2011, and November 29, 2011 (docket nos. 131 and 133) are **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Johnson's and Greenfield's Motion For Summary Judgment (docket no. 104) and Defendant Correctional Medical Services, Inc.'s Motion For Summary Judgment (docket no. 99) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Sweet-Brown are **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service.

A separate judgment will enter.

This case is **closed**.


Dated:  February 6, 2012                                    _____/s/ Gordon J. Quist_____
                                                                          GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE

5